UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XAVIER LUMAR J'WEIAL,

    Plaintiff,

v.

S. GYLES, et al.,

    Defendants.

No. 2: 18-cv-2766 KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief. (ECF No. 6.) For the reasons stated herein, the undersigned recommends that plaintiff's motion for injunctive relief be denied.

Legal Standard for Injunctive Relief

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20

(2008); see also Ctr. for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Id. at 1134–35 (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). The party seeking the injunction bears the burden of proving these elements. Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009); see also Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").

Discussion

The pending motion for injunctive relief appears to be based on the claims raised in the complaint alleging that defendant Mule Creek State Prison ("MCSP") Law Librarian Gyles refused to provide plaintiff with copies. In the pending motion, plaintiff seeks an order directing defendant Gyles to provide plaintiff with copies.

In the recently issued order screening the complaint, the undersigned found that plaintiff stated one potentially colorable access to the courts claim against defendant Gyles based on her alleged refusal to make copies. The undersigned dismissed the remaining claims against defendant Gyles with leave to amend. Accordingly, the undersigned herein considers whether plaintiff is entitled to injunctive relief based on the one potentially colorable claim raised in the complaint regarding defendant Gyles' alleged failure to make copies.

In the screening order, the undersigned found that plaintiff's claim that defendant Gyles refused to copy Senate Bill 1134, which plaintiff wanted to file in support of his opposition to respondent's motion to dismiss filed in 1: 17-1526, stated a potentially colorable claim for relief.

2

Plaintiff filed his opposition to the motion to dismiss in 1:17-1526 on February 20, 2018.[1] (See 1:17-cv-1526, ECF No. 20.) Defendant Gyles' alleged refusal to make a copy of one document for plaintiff in February 2018 does not demonstrate that plaintiff is likely to suffer irreparable harm if the court does not grant his request for injunctive relief. Accordingly, plaintiff is not entitled to injunctive relief on this ground.

The pending motion for injunctive relief raises two claims against defendant Gyles not raised in the complaint. The undersigned addresses these claims herein.

Plaintiff alleges that defendant Gyles refused to copy an administrative grievance for plaintiff because she does not have to "aid a paper attack on staff." Plaintiff's claim that defendant Gyles refused to copy a grievance is vague. Plaintiff does not allege when this incident occurred. Plaintiff also does not describe the grievance he requested to be copied. For these reasons, the undersigned finds that plaintiff's claim that defendant Gyles refused to copy a grievance does not demonstrate that plaintiff will suffer irreparable harm if the court does not grant his request for injunctive relief.

Plaintiff alleges that defendant Gyles will not provide plaintiff with staff/citizen's complaint forms. However, plaintiff does not allege that he is unable to obtain staff/citizen's complaint forms from other sources. Plaintiff also does not discuss if defendant Gyles denied him access to these forms on one occasion, or whether defendant Gyles refused all of his requests for these forms. Plaintiff also does not describe when and how defendant Gyles communicated to plaintiff her alleged refusal to provide these forms. For these reasons, the undersigned finds that plaintiff's claim that defendant Gyles refused to provide him with staff/citizen's complaint forms does not demonstrate that plaintiff will suffer irreparable harm if the court does not issue injunctive relief.

////

---

[1] A court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 5, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jwei2766.inj