UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XAVIER LUMAR J'WEIAL,

   Plaintiff,

 v.

S. GYLES, et al.,

   Defendants.

No. 2: 18-cv-2766 JAM KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Introduction

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6.) Defendants argue that plaintiff's claims should be dismissed for failing to state a claim upon which relief may be granted. Defendants also argue that they are entitled to qualified immunity. For the reasons stated herein, the undersigned recommends that defendants' motion to dismiss be granted.

  Also pending is plaintiff's motion to construe defendants' motion to dismiss as a motion for summary judgment. (ECF No. 25.) For the reasons stated herein, this motion is denied.

Legal Standard for 12(b)(6) Motion

  A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a

plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

////

////

Plaintiff's Allegations

This action proceeds on the original complaint against defendants Gyles and Szichak. Plaintiff alleges that defendant Gyles wrongly removed an exhibit from plaintiff's opposition to a motion to dismiss filed in plaintiff's habeas corpus petition filed in the Fresno Division of this court, 1:17-cv-1526. (ECF No. 8 at 6 (screening order).) Defendant Gyles allegedly removed a copy of Senate Bill 1134 from plaintiff's opposition. (Id.)

Plaintiff alleges that in February 2017, he was charged with possession of contraband in Amador County Superior Court. (Id.) The charges were later dismissed. (Id.) However, while plaintiff challenged the charges, defendants Gyles and Szichak allegedly denied plaintiff's request for Preferred Legal User ("PLU") status because plaintiff did not have a 30-day deadline. (Id.) Plaintiff alleges that he told defendants that he represented himself in the Amador County case.[1] (Id.)

Legal Standard for Qualified Immunity

Qualified immunity is "immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The defense of qualified immunity protects public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

A court considering a claim of qualified immunity makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right, and (2) whether such right was clearly established at the time of the defendant's alleged misconduct. See Pearson v. Callahan, 555 U.S. 223, 232 (2009) (quoting Saucier v. Katz, 535 U.S. 194, 201 (2001)). With respect to the second prong of the qualified immunity analysis, the Supreme Court has recently held that "[a]n officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent ... placed the

---

[1] On February 28, 2019, the undersigned dismissed the other claims and defendants named in the complaint with leave to amend. (ECF No. 8.) Plaintiff declined to file an amended complaint.

statutory or constitutional question beyond debate." City and Cty. of San Francisco, Cal. v. Sheehan, 135 S. Ct. 1765, 1774 (2015) (citation and quotations omitted and omissions in original). This is an "exacting standard" which "gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Id. (citation and quotations omitted).

Alleged Removal of Senate Bill 1134

Plaintiff alleges that the alleged removal of Senate Bill 1134 from his opposition to a motion to dismiss violated his right to access the courts.

*Legal Standard for Denial of Access to the Courts*

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977).

To establish a violation of the right of access to the courts, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. See Lewis, 518 U.S. at 353-55; Christopher v. Harbury, 536 U.S. 403, 415 (2002) (to state an access to courts violation, plaintiff must describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost"). The prisoner must demonstrate that he has suffered or will imminently suffer actual injury. Lewis, 518 U.S. at 348.

*Discussion*

Defendants move to dismiss plaintiff's claim alleging that defendant Gyles violated his right to access the courts by removing the copy of Senate Bill 1134 from his opposition on the grounds that plaintiff did not suffer an actual injury. Defendants argue that case 1:17-cv-1526 was dismissed on the grounds that the petition was a second or successive petition, raising the same grounds as a prior petition, and plaintiff had failed to obtain permission from the Ninth Circuit Court of Appeals to file the petition. Defendants argue that given these circumstances, plaintiff's petition would have been dismissed regardless of whether Senate Bill 1134 was

4

attached to his opposition.  Therefore, defendants argue, defendant Gyles' alleged removal of Senate Bill 1134 from plaintiff's opposition did not result in an actual injury.

Court records demonstrate on January 16, 2018, respondent filed a motion to dismiss the petition filed in 1:17-1526 arguing, in part, that the petition should be dismissed as successive. See case 1:17-cv-1526, ECF No. 14.[2]  On February 20, 2018, plaintiff filed an opposition to the motion to dismiss.  Id., ECF No. 20.

On March 28, 2018, Magistrate Judge Grosjean recommended that the motion to dismiss filed in case 1:17-cv-1526 be granted on the grounds that the petition was an unauthorized successive petition.  Id., ECF No. 26.  Magistrate Grosjean found that in case 1:17-cv-1526, plaintiff challenged his 2001 Kern County conviction for second degree robbery.  Id., ECF No. 26 at 2.  Plaintiff had previously sought federal habeas relief in the court with respect to the same conviction.  Id., ECF No. 26 at 2.  Because plaintiff had already filed a petition for writ of habeas corpus regarding his 2001 conviction, he could not file another petition regarding the same conviction without obtaining permission from the Ninth Circuit.  Id., ECF No. 26 a 3.  On June 11, 2018, the district court adopted the March 28, 2018 findings and recommendations.  Id., ECF No. 31.

Because case 1:17-cv-1526 was dismissed as a successive petition, the alleged removal of Senate Bill 1134 from plaintiff's opposition had no impact on the outcome of that case. Therefore, plaintiff suffered no actual injury as a result of the alleged removal of Senate Bill 1134 from his opposition to the motion to dismiss filed in case 1:17-cv-1526.

Because the undersigned finds that defendant Gyles did not violate plaintiff's right of access to the courts by allegedly removing Senate Bill 1134 from plaintiff's opposition, no further discussion of qualified immunity is required.  Accordingly, defendants' motion to dismiss this claim should be granted.

////

---

[2] A court may take judicial notice of matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1996)).

Alleged Denial of PLU Status

Defendants move to dismiss plaintiff's claim alleging denial of PLU status on the grounds that Title 15 provides that inmates are entitled to PLU status within 30 days of a calendar deadline. Defendants argue that the alleged denial of plaintiff's PLU status does not state a claim because plaintiff did not have a thirty-day deadline. Defendants also argue that plaintiff has not demonstrated how the alleged denial of PLU status violated his right to access the courts because plaintiff does not allege an actual injury.

In the order screening the complaint, the undersigned construed plaintiff's claim alleging denial of PLU status to state a potentially colorable claim for denial of the right to access the courts. After further consideration, the undersigned finds that plaintiff's claim alleging denial of PLU status during the time he represented himself in state court criminal proceedings instead states a claim for violation of the Sixth Amendment right to prepare an adequate defense. See Faretta v. California, 422 U.S. 806, 819 (1975) (a criminal defendant has a Sixth Amendment right to self-representation).

Before the undersigned analyzes plaintiff's Sixth Amendment claim, the undersigned clarifies plaintiff's allegations. Plaintiff alleges that he represented himself in Amador County criminal case no. 17-cr-25748-03. (ECF No. 1 at 6.) Plaintiff alleges that during the time he represented himself in the Amador County case, he was given PLU status four or five times. (Id.) Plaintiff alleges that the charges were dismissed 1 year and 7 months after they were filed. (Id. at 5.) Plaintiff alleges that defendants denied his request for PLU status because plaintiff did not have a 30-day deadline. (Id.) In essence, plaintiff is claiming that he could not adequately prepare his defense because he did not have adequate law library access due to defendants' denial of his requests for PLU status.

For the following reasons, the undersigned recommends that plaintiff's Sixth Amendment claim be dismissed because plaintiff lacks standing to bring this claim and because defendants are entitled to qualified immunity.

////

////

6

*Standing*

In order to have standing to bring his Sixth Amendment claim, plaintiff must have an injury as a result of the alleged denial of law library access about which he complains. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (standing requires that the plaintiff suffered an injury); cf. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that prisoners did not have standing to bring claims that the insufficiency of the prison library violated their constitutional rights unless they showed that this actually hindered their efforts to pursue legal claims).

In the instant case, plaintiff admits that the criminal charges for which he sought law library access were dismissed. Thus, plaintiff suffered no injury as a result of alleged inadequate law library access during the time he represented himself in the criminal charges filed against him in Amador County. Accordingly, plaintiff's Sixth Amendment claim should be dismissed because plaintiff lacks standing to raise this claim.

*Qualified Immunity*

In the alternative, the undersigned finds that plaintiff's Sixth Amendment claim should be dismissed because defendants are entitled to qualified immunity.

According to plaintiff, defendants denied him law library access because plaintiff did not have a thirty-day deadline. As noted by defendants in the motion to dismiss, California Code of Regulations title 15, § 3122(b) provides that inmates who have established court deadlines may apply for PLU status. See ECF No. 24-2 at 50-54 (archived versions of § 3122 from 2017-2018, i.e., when the alleged deprivations occurred).[3] An inmate may receive PLU status within 30 calendar days of his or her established court deadline unless the inmate can demonstrate need for a longer period of PLU based on extraordinary circumstances beyond the inmate's control. Id., § 3122 (b)(6). Inmates on PLU status may receive a minimum of 4 hours per calendar week of requested physical law library access, as resources are available, and shall be given higher priority to the law library resources. See id. at 56-59 (archived versions of Cal. Code Regs., tit.

---

[3] The court takes judicial notice of the archived versions of § 3122. See Lee v. City of Los Angeles, supra.

7

15, § 3123 from 2017-2018, when the alleged deprivations occurred).[4]  Therefore, in denying plaintiff's requests for law library access, as alleged by plaintiff, defendants apparently relied on the regulations establishing the procedures for law library access contained in sections 3122 and 3123 of Title 15.

In Kane v. Garcia Espitia, 546 U.S. 9 (2005), in the context of a habeas corpus petition, the Supreme Court found that federal appellate courts were split on the question of whether Faretta implies a right of the pro se defendant to have access to a law library. Id. at 10.

In Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir. 1985), the Ninth Circuit found that a pro se defendant has a right to have access to "law books … [and] other tools to prepare a defense." However, the Supreme Court expressly rejected this interpretation of Faretta in Kane. In Kane, the Supreme Court stated that "it is clear that Faretta does not … 'clearly establis[h] the law library access right, "and "[i]n fact, Faretta says nothing about any specific legal aid that the States owes a pro se criminal defendant." 546 U.S at 10.  The undersigned is aware of no Ninth Circuit case post-Kane addressing the rights of pro se defendants to access a law library.

Because neither the Ninth Circuit, post-Kane, nor the Supreme Court has clearly held that pro se defendants have a right to access a law library, and the circuits are split on this issue, there was no clearly established law on whether pro se defendants had a right to access the law library at the time defendants allegedly denied plaintiff's requests for PLU status.  See Fazaga v. Federal Bureau of Investigation, 916 F.3d 1202, 1245-46 (9th Cir. 2019) (defendants entitled to qualified immunity because "[a]t the time plaintiffs allege they were surveilled, neither this court nor the Supreme Court had held that an intracorporate agreement could subject federal officials to liability under § 1985(3), and the circuits that had decided the issue were split.").  For this reason, defendants are entitled to qualified immunity.  Because the undersigned finds that the second prong of the qualified immunity analysis is not satisfied, there is no need to reach the first prong. Pearson v. Callahan, 555 U.S. 223, 236 (2009).  Accordingly, defendants' motion to dismiss plaintiff's Sixth Amendment claim should be granted.

---

[4]  The court takes judicial notice of the archived versions of § 3123. See Lee v. City of Los Angeles, supra.

8

To the extent plaintiff's claim can be construed as alleging a violation of his right to access the courts, plaintiff has alleged no actual injury as a result of inadequate law library access. Accordingly, to the extent plaintiff raises a claim alleging denial of the right to access the courts, this claim should be dismissed.

Plaintiff's Motion to Construe Defendants' Motion as a Motion for Summary Judgment

Plaintiff requests that the court construe defendants' motion to dismiss as a motion for summary judgment based on the exhibits submitted in support of the motion to dismiss. In support of the motion to dismiss, defendants filed the following exhibits: 1) exhibit A: ECF No. 26 in J'Weial v. Lizarraga, 1:17-cv-1526 (E.D. Cal. Nov. 17, 2017); 2) exhibit B: ECF No. 30 in J'Weial v. Lizarraga, 1:17-cv-1526 (E.D. Ca. Nov. 17, 2017); 3) exhibit C: ECF No. 31 in J'Weial v. Lizarraga, 1:17-cv-1526 (E.D. Cal. Nov. 17, 2017); 4) the docket in Amador County Superior Court Case No. 17-CR-25748-03; 5) Exhibit E: Cal. Code Regs., tit. 15, § 3122 (2017); 6) Exhibit F: Cal. Code Regs., tit. 15, § 3122 (2018); 7) Exhibit G: Cal. Code Regs., tit. 15, § 3123 (2017); and 8) Cal. Code Regs., tit. 15, § 3123 (2018). (ECF No. 24-2.)

The court cannot consider "matters outside the pleadings" without converting a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, a court may consider "certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003).

The court records and California Code of Regulations attached as exhibits to the motion to dismiss are properly subject to judicial notice. See Fed. R. Evid. 201(b) (court may take judicial notice of fact that is not subject to reasonable dispute because it is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); see Johnson v. Kernan, 2019 WL 18587 at *1 (N.D. Cal. 2019) (court taking judicial notice of Title 15 regulations filed in support of motion brought pursuant to Fed. R. Civ. P. 12(b)(6)); Roberson v. City of Los Angeles, 220 Fed.Appx. 522 at *1 (9th Cir. 2007) (court taking judicial notice of state court docket sheet, citing Fed. R.

Evid. 201); Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

Because this court may take judicial notice of the exhibits attached to defendants' motion to dismiss, plaintiff's motion to convert defendants' motion to dismiss to a summary judgment motion is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to construe defendants' motion to dismiss as a summary judgment motion (ECF No. 25) is denied; and

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 24) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 8, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jwei2766.57